UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 4:13-cv-2186 |
| STEPHEN B. GRAY, | : |
| Defendant. | : |

## AGREED FINAL JUDGMENT

The Securities and Exchange Commission filed a Complaint, and Defendant Stephen B. Gray ("Gray"): entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to the entry of this Agreed Final Judgment ("Final Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment. Therefore:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

EXHIBIT B

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Agreed Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from obtaining or accepting any employment or engagement that, in the normal course of Defendant's duties or provision of services, or by virtue of his position, would provide him access to material, nonpublic information about any issuer of publicly-traded securities or its securities.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of ill-gotten gains in the amount of $313,000, plus prejudgment interest thereon in the amount of $26,001.78, for a total of $339,001.78. Based on Defendant's guilty plea in *United States v. Stephen B. Gray,* Case No. 4:14-cr-438 (S.D. Tex. [Houston]) (Harmon, J.), and the orders and judgments in that case, including a criminal money judgment against Defendant in the amount of $326,159, a prison sentence of 46 months, and a $7500 fine, the Court is not ordering Defendant to pay a civil penalty, and the payment of disgorgement and prejudgment interest is deemed fully satisfied.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation [by Defendant] of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: 6/19/15

_____
UNITED STATES DISTRICT JUDGE

Agreed to form:

*s/Jennifer D. Brandt*
Jennifer D. Brandt
Texas Bar No. 00796242
United States Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102
Telephone: (817) 978-6442
Fax: (817) 978-4927
*brandtj@sec.gov*
ATTORNEY FOR PLAINTIFF


Stephen B. Gray
2711 Tudor Manor
Houston, Texas 77082
Phone: (832) 746-2230
*Stephengray2358@gmail.com*
*PRO SE* DEFENDANT